**PUERTO RICO DRYDOCK & MARINE TERMINALS, INC., Plaintiff**

**v.**

**M/V SYDFORS, her engines, boilers, tackle, etc.; in rem and SUNRISE SHIPPING, INC., in personam, Defendants**

Civil No. 78-302

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 30, 1983

THOMAS K. MOORE, ESQ. (HOFFMAN AND MOORE, P.C.), St. Thomas, V.I., *for plaintiff*

JOHN E. STOUT, ESQ. (GRUNERT, STOUT & SMOCK), St. Thomas, V.I., *for defendant and counterclaimant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

This cause came on to be tried in December 1981. At the conclusion of the trial on December 11, 1981, the Court entered its Findings of Facts and Conclusion of Law from the Bench. The Court also required counsel for the parties to submit post trial briefs dealing with the validity of a so called "Red Letter Clause" contained in an itemized bill which the Court found had indeed been presented to defendant Sunrise Shipping, Inc. The Red Letter Clause reads:

> In case of defective workmanship of material, our liability is limited strictly to the correction of such defects discovered and reported to us in writing within thirty (30) days from the completion of the work.

Because the Court concluded that the work done by plaintiff on the vessel M/V Sydfors had been done defectively and had prox-

imately caused the malfunction of the vessel and had contributed to its ultimate breakdown, the parties were asked to brief an additional point, namely, whether Sunrise Shipping, Inc., should be compelled to pay plaintiff the balance of $12,412.00 which the Court found was due plaintiff and/or whether or not Sunrise Shipping, Inc., was entitled to a refund or all or part of the $18,000.00 it had paid plaintiff on account of the repairs done to the vessel. The parties addressed the issue of the validity of the "Red Letter Clause", but failed to discuss whether a refund was due plaintiff or, whether because of the defective repairs, Sunrise Shipping, Inc., should not be called upon to pay the balance due. Having now read and considered the post trial briefs submitted by the parties, and having reviewed the Findings and Conclusion of the Court dictated from the bench, as mentioned above, the Court now holds that the "Red Letter Clause" is valid and is generally enforceable. The cases cited on behalf of defendant dealing with "Sales" are inapposite. It is not unreasonable for a business organization engaged in the endeavor of plaintiff to protect itself by such clauses. Once a repaired vessel leaves a drydock and goes to sea fully under the control of the owner of the vessel with no corresponding control by the repairer, a time limit of 30 days within which to make a written complaint regarding defective workmanship and materials is not unreasonable. Moreover, it is prudent of the repairer to do so.

In this particular case, however, it being clear to the Court that the work was improperly performed and was so demonstrated not only in the testing of the vessel before delivery to the owner, but also in the malfunction and the mishap which occurred on the vessel's voyage immediately after it left plaintiff's dock. It is clear also that it was not until many months after the acceptance of the vessel that Sunrise Shipping, Inc., complained in writing to plaintiff about the improper repairs. The Court stands on its Finding that there was some brief complaint by telephone a few days after the ship left plaintiff's drydock. Admittedly, that complaint by telephone did not satisfy the "Red Letter Clause". Nonetheless, considering the problems defendant Sunrise Shipping, Inc., suffered as a result of the work improperly done, and the cost to have it corrected, the Court is of the opinion that it would be highly inequitable to reward plaintiff for poor workmanship by entering judgment in plaintiff's favor for the unpaid amount of the bill.

██ The "Red Letter Clause," the failure to mitigate its damages and the failure by competent proof to properly establish its

damages, all combined to deprive Sunrise Shipping, Inc., of all but nominal damages on its counterclaim. At the same time, however, plaintiff will not be granted recovery of the $12,412.00 remaining unpaid on its bill to defendant Sunrise Shipping, Inc.

Judgment on the complaint and on the counterclaim will be entered in accordance with the foregoing, the parties to bear their respective costs and attorneys fees.